**Devernon LE GRAND,**
**Plaintiff-Appellant,**

v.

**Matthew EVAN, Clerk, Soal Schnertre, Clerk, City of New York, Kings County, State of New York, Defendants-Appellees.**

No. 454, Docket 81–2353.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 7, 1983.

Decided March 14, 1983.

Devernon Le Grand, pro se.

Robert Abrams, Atty. Gen., of the State of New York, New York City (Paul Milbauer, Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.

Before KEARSE, WINTER and PRATT, Circuit Judges.

WINTER, Circuit Judge:

Devernon Le Grand appeals from a judgment entered by Judge Jacob Mishler of the United States District Court for the Eastern District of New York dismissing his *pro se* complaint. The complaint alleged that defendants Evan, Schnertre,[1] the "City of New York, Kings County" and the State of New York violated his and his children's[2] sixth and fourteenth amendment rights of access to the courts, due process and equal protection.[3] Asserting a violation of 42 U.S.C. § 1983 (1976), the complaint alleges that Evan and Schnertre, clerks of the Supreme Court of the State of New York, Kings County, refused to accept applications for a writ of habeas corpus, for a restraining order, for an order to show cause, and for leave to proceed *in forma pauperis,* which others sought to file on his behalf. Le Grand's proposed state court action sought to compel various state officials to disclose the whereabouts of his children and to allow them to visit him in prison. In his present complaint, he further alleges that Evan and Schnertre did not state any "legal" reasons for their refusal and that they acted in bad faith and with malice because they knew Le Grand was a convicted murderer and had filed other *pro se* applications in both state and federal court.

Attached to the complaint was an affidavit stating that defendants Evan, Schnertre, and the Attorney General of the State of New York had been served copies of the complaint on April 27, 1981. Although no document formally labeled a motion to proceed *in forma pauperis* was appended, accompanying the complaint was a form affidavit signed by Le Grand establishing *in forma pauperis* status. The various papers were filed on April 27, 1981, without payment of fees or a determination of *in forma pauperis* status. No summonses were issued and the court did not direct service of process on the defendants.

The Attorney General, on behalf of defendants Evan, Schnertre, and the State, moved to dismiss the complaint for failure to state a claim upon which relief could be granted, lack of personal jurisdiction over Evan and Schnertre, and the immunity of the State of New York from suit. An affidavit submitted in support of the motion disclaimed the existence of any court clerk named "Soal Schenrtre" and stated that Evan was on military duty on the date of the purported personal service. Attached were Evan's orders from the Army.

In response, Le Grand moved to amend his complaint to substitute the name "John Doe" for Soal Schnertre until he could ascertain the identity of the other clerk, to proceed *in forma pauperis,* and to direct the

---

1. Schnertre's last name is spelled variously in the record as "Schenrte," "Schenrtre," "Schentre," and "Schnertre." We choose the last spelling only for purposes of internal consistency.

2. Le Grand filed the complaint on behalf of himself and his minor children Torcilious and Yarkalayan Le Grand. Whether Le Grand should be permitted to represent his children *pro se* is not before us.

3. The complaint, written on a § 1983 *pro se* form, contains few factual details of his claims. However, details were provided in a "memorandum of law" submitted with the complaint. In view of the canon that a *pro se* litigant's papers should be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and the § 1983 *pro se* form complaint's direction that the plaintiff attach necessary additional sheets, we read the complaint to adopt the factual allegations in the memorandum.

federal marshal to serve process on the defendants. He also submitted affidavits from two persons who had sought to obtain summonses from the Eastern District *pro se* clerk on his behalf but were informed that the court would direct service of process. These papers were received by the Eastern District Clerk on May 27, 1981, but were not filed until May 29, 1981.

On May 29, 1981, Judge Mishler granted the state's motion and dismissed Le Grand's complaint without a statement of reasons. He never ruled on the requests for leave to proceed *in forma pauperis* and to direct service of process. He did deny Le Grand's motion for leave to amend his complaint on September 9, 1981, three months after entry of the dismissal. Le Grand appealed the dismissal of his complaint.

■ Dismissal as to defendant Schnertre, the City of New York, and the State of New York was proper. By virtue of the eleventh amendment, the State of New York is immune from a suit for damages under 42 U.S.C. § 1983 without its consent. *Quern v. Jordan,* 440 U.S. 332, 341–45, 99 S.Ct. 1139, 1145–47, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), which it has not given. *See Leonhard v. United States,* 633 F.2d 599, 621 (2d Cir. 1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).

■ The complaint also failed to state a claim against the City of New York because the alleged acts of court clerks employed by the Supreme Court, a state entity, cannot constitute the implementation of an "official policy" of the city. *See Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Leonhard,* 633 F.2d at 621–22.

■ Dismissal of the complaint against Schnertre was also proper since he appears at this time not to exist. However, Le Grand's motion to amend by naming a

"John Doe" clerk as defendant until the true name could be determined should have been granted. The district court may have believed that Le Grand's motion was submitted after dismissal of the complaint since the motion to amend was not filed until May 29 and not docketed until June 5. However, the motion was actually received by the clerk's office on May 27, prior to service of a responsive pleading and to dismissal of the complaint. It should, therefore, have been granted as a matter of right. Fed.R.Civ.P. 15(a).

■ Dismissal of the complaint as to Evan on the grounds of improper service was also erroneous. While Le Grand's intent to proceed *in forma pauperis* might have been inferred from the affidavit attached to his complaint, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), his presentation of a formal motion two days before the dismissal of his complaint was certainly sufficient evidence of that intention.[4] Until that motion was determined, it was neither Le Grand's duty nor his right to serve the summons and complaint. 28 U.S.C. § 1915(c) (1976) provides "The officers of the court shall issue and serve all process, and perform all duties in such cases." The affidavits submitted by Le Grand demonstrate that the Eastern District *pro se* clerk told his representatives that Judge Mishler would determine whether a summons would issue. Since Le Grand can't be required to serve a summons that the clerk had not yet issued, his suit was not subject to dismissal for improper service.

■ Since it is the practice of the Eastern District to determine whether a complaint is "frivolous or malicious" under 28 U.S.C. § 1915(d) (1976) before issuance of a summons, Le Grand's complaint may have been dismissed on those grounds. If so, that would also be error, since Le Grand's allegations against Evan (and against "John Doe") were sufficient to withstand pre-ser-

---

4. The motions and responsive papers filed by Le Grand on May 27, 1981, were timely filed if they were to be treated as opposition papers to defendants' motion to dismiss, which had a return date of May 29, 1981. E.D.N.Y. Local Rule 9(c)(3) (opposition papers must be filed before noon of the day preceding the return date).

vice dismissal under the "frivolous or malicious" standard. Considering its allegations as truthful, *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), Le Grand's complaint alleges enough to raise a colorable claim that Evan deprived him of federal rights while acting under color of state law, *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). The refusal of a clerk of a court to accept the papers of a litigant seeking to commence an action under a state statute may deprive that litigant of federal constitutional rights. *See Henriksen v. Bentley,* 644 F.2d 852, 854 (10th Cir. 1981); *Williams v. Wood,* 612 F.2d 982, 984–86 (5th Cir.1980); *McCray v. Maryland,* 456 F.2d 1, 6 (4th Cir.1972); *Marty's Adult World of New Britain v. Guida,* 453 F.Supp. 810, 817 (D.Conn.1978) (Daly, J.). Although we have not passed on the issue, many courts have accorded clerks only a qualified "good faith" immunity from liability arising from ministerial acts. *See Gutierrez v. Vergari,* 499 F.Supp. 1040, 1047 n. 5 (S.D.N.Y.1980) (Ward, J.). *See also Henriksen,* 644 F.2d at 856; *Marty's Adult World of New Britain,* 453 F.Supp. at 816; *but see Morrison v. Jones,* 607 F.2d 1269, 1273 (9th Cir. 1979); *cert. denied,* 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980). Whether the immunity of clerks is so limited need not be resolved at this stage since we need determine only that the allegations raise a nonfrivolous issue.

The judgment of the district court is reversed and the case remanded.