Elsie S. CARNEY, Plaintiff,

v.

**NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL, John Stellar, Esq., and Dennis Hasher, Esq., Defendants.**

No. 95 Civ. 5830 JES.

United States District Court,
S.D. New York.

Sept. 22, 1997.

Elsie S. Carney, New York City, pro se.

Dennis C. Vacco, Attorney General of the State of New York, New York City (Thomas A. Hanna, Jr., Assistant Attorney General, of Counsel), for Defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Elsie S. Carney, proceeding *pro se,* brings the instant action against her former employer, the New York Division of Housing and Community Renewal ("DHCR"), John Stellar, Esq., and Dennis Hasher, Esq., alleging that she was terminated from her job due to a disability, suffered retaliation because she filed charges of employment discrimination, was denied due process, and suffered intentional infliction of emotional distress. Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c),

Hasher and Stellar move to dismiss, or in the alternative, for judgment on the pleadings.[1] For the reasons that follow, Hasher and Stellar's motion to dismiss is granted, and the Court *sua sponte* dismisses all claims against DHCR.

## BACKGROUND

On January 7, 1985, Elsie S. Carney, was hired by DHCR to work in its Overcharge Unit investigating rent overcharge complaints of tenants and to establish the fair market value for those rentals. *See* Affidavit In Opposition Sworn to March 28, 1996 ("Carney Aff."), ¶ 5.[2] Defendants John Stellar, Esq. and Dennis Hasher, Esq. were attorneys employed by DHCR at the time of the events complained of herein. *See* Carney Aff. ¶¶ 15–19.[3]

Carney alleges that beginning in 1987, the New York State Committee on Public Housing began an investigation into improprieties at DHCR regarding favorable treatment of certain tenants. *See* Carney Aff. ¶ 6. Pursuant to that investigation, Carney states that she was served with a subpoena to appear and give testimony regarding the agency's operations, and that her testimony was not favorable to the agency. *Id.* ¶ 7. Consequently, Carney states that she, along with various other employees who testified, became the "pariah" of the agency and suffered a series of systematic instances of work-related harassment and retaliatory punish-

ment for testifying against the agency. *Id.* ¶ 8.

Between 1987 and 1989, it appears that Carney filed four complaints with NYSDHR alleging retaliatory conduct on the part of DHCR. *See* Carney Aff., Exh. B.[4] In addition, Carney's papers contain two decisions from the New York Workers' Compensation Board which indicate that Carney filed a disability claim alleging disability as of May 19, 1988, due to depression, and that the Board found Carney to have a continuing disability. *See* Carney Aff., Exh. D. By letter dated September 2, 1988, DHCR advised Carney that her services as a provisional Rent Examiner I were terminated effective September 14, 1988, because she had not been selected for permanent appointment. *See* Complaint, Exh. A. However, by letter dated October 19, 1988, Carney's termination was retracted and she was retroactively appointed to a permanent Rent Examiner I position on leave without pay. *Id.* Thereafter, by letter dated July 10, 1989, DHCR notified Carney that her employment had been terminated in accordance with Section 73 of the Civil Service Law since she had been continuously absent and unable to perform her duties since May 26, 1988. *Id.*

On or about March 20, 1992, Carney executed an "Agreement and General Release" with DHCR in which DHCR agreed to comply with the human rights law and to pay

---

1. At Oral Argument, the Assistant Attorney General representing defendants explained that he moved to dismiss on behalf of Stellar and Hasher only, and not DHCR, because he misunderstood the Court's instructions at its Pre–Motion Conference, and otherwise would have moved on behalf of DHCR as well.

2. Carney's complaint is barely two pages and contains virtually no factual details. However, she has attached to the complaint two charges of discrimination she submitted to the New York State Division of Human Rights ("NYSDHR") and various letters she received from DHCR. In addition, she provides factual details in her Affidavit In Opposition and Memorandum of Law in Opposition. In view of the canon that a *pro se* litigant's papers should be liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the Court reads Carney's complaint to adopt those factual details. *See Le Grand v. Evan,* 702 F.2d 415, 416 n. 3 (2d Cir.1983).

3. Carney states in her complaint that she resides in Manhattan. *See* Complaint ¶ A. However, she provides no address for Stellar and Hasher, except their work address at DHCR in the Bronx. *Id.* ¶ B.

4. Based on Carney's Charge of Discrimination notices, it appears that Carney first filed a charge of discrimination on January 13, 1987, although she failed to include a copy of that first notice with her papers. The remaining notices are included, and were filed on April 21, 1988, September 12, 1988, and July 2, 1989. In Defendant's Memorandum of Law, defendants explain that on January 13, 1987, Carney was reassigned from the Overcharge Unit to the Tenant Objection Unit. *See* Memorandum Of Law On Behalf Of Defendants John Stellar, Esq. And Dennis Hasher, Esq. In Support Of Their Motion To Dismiss Or, In The Alternative, A Judgment On The Pleadings at 2.

Carney the lump sum of $36,500.00 as damages. In exchange, Carney agreed to withdraw with prejudice all charges and complaints filed against DHCR with the New York State Division of Human Rights, and not to file any other complaints or charges against DHCR based upon the circumstances underlying those complaints. *See* Complaint, Exh. B. Defendants Hasher and Stellar, negotiated the settlement on behalf of DHCR.[5]

Sometime thereafter, presumably in early 1995, Carney filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Complaint, Exh. B. Neither Carney's complaint, her Memorandum of Law, nor her Affidavit in Opposition provide the date when she filed the charge. However, on April 19, 1995, the EEOC dismissed her charge as untimely and issued her a Right to Sue letter. *Id.*

On April 28, 1995, Carney filed the instant action with the *Pro Se* Office, which was then filed with the Court on August 8, 1995. Construed liberally with her Affidavit in Opposition and Memorandum of Law, as the Court must, the Court reads Carney's complaint to assert claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–797b, the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, and pendent state law claims of intentional infliction of emotional distress and abuse of process.

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c), Hasher and Stellar move to dismiss, or in the alternative, for judgment on the pleadings, arguing that (1) officers of New York State Agencies sued in their official capacities are immune from suit in federal court under the Eleventh Amendment; (2) Stellar and Hasher have prosecutorial immunity; (3) the claims against Stellar and Hasher should be dismissed because they are not Carney's employer; (4) the action is barred by statute of limitations; and

(5) defendants have been released from the allegations set forth by Carney.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12, pleadings are not subject to dismissal unless, as here, it appears to a certainty that a party cannot possibly be entitled to relief under any set of facts which could be proven in support of a claim. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Harsco Corp. v. Segui*, 91 F.3d 337, 341 (2d Cir.1996).

Title VII and the ADA require that charges be filed with the EEOC within 180 days after the last alleged act of discrimination has occurred, unless a plaintiff has initially instituted proceedings with a State or local agency that has the authority to grant or seek relief from such discriminatory practice. *See Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993) (citing *Gomes v. Avco Corp.*, 964 F.2d 1330, 1332–33 (2d Cir.1992)) (a plaintiff's failure to file a timely charge of discrimination with the EEOC renders that claim time-barred). In the latter case, the plaintiff must file a complaint with the EEOC within 300 days after the alleged discrimination occurred or within thirty days of receipt of notice from the State or local agency that it has terminated its proceedings, whichever is earlier. *See* 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117.

■ In this case, Carney's last discrimination act complained of was her termination from DHCR on July 10, 1989. *See generally Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir.1992) (quoting *O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir. 1985)) ("the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision"). Therefore, since Carney did not file a complaint with a State or local agency after her termination, she was required to file a charge with the EEOC by January 1990. However, Carney has failed

---

**5.** In her Affidavit In Opposition, Carney states that, after she negotiated the above settlement, defendants used Metro North Riverview Association to sue Carney to get the proceeds of the settlement, and that their actions were tantamount to an abuse of process. *See* Carney Aff. ¶¶ 15–19.

to allege, or state in her supporting papers, the date she filed her charge with the EEOC. This failure is not surprising since the EEOC's Right to Sue letter was issued on April 19, 1995, *five years after that date,* and states that her charge was dismissed because it was untimely, and thus it appears to a certainty that Carney failed to do so prior to January 1990. That being so, those claims are barred.

Nor do Carney's Rehabilitation Act and due process claims survive dismissal. Under Section 504 of the Rehabilitation Act, which prohibits discrimination, exclusion, or denial of benefits to otherwise qualified handicapped individuals, the Second Circuit has held that such claims are governed by the state statute of limitations applicable to personal injury actions, which is three years. *See Morse,* 973 F.2d at 127. Similarly, to the extent Carney alleges that defendants violated her due process rights under 42 U.S.C. § 1983 by failing to comply with the pretermination requirements of § 73 of the New York Civil Service Law, that claim would also be governed by New York's general three year personal injury statute of limitations, and is barred. *See Owens v. Okure,* 488 U.S. 235, 250–51, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989).

The Court is therefore left only with the question of what to do with the remaining defendant, DHCR. Carney filed her complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915, prior to its amendment on April 26, 1996. Under the statute, as amended, a court "shall dismiss the case at any time if the court determines that—(B) the action or appeal—(ii) fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii). Having determined that Carney's federal claims are all time barred, and therefore fail to state a claim upon which relief may be granted, the Court concludes that it should dismiss the federal claims against DHCR as well.[6] Such action is especially appropriate since the same legal arguments which are dispositive for Stellar and Hasher are also dispositive for DHCR, counsel for DHCR indicated that he would have moved to dismiss as against DHCR but for a misunderstanding of the Court's instructions, and it will conserve judicial resources by obviating the need for DHCR to appear in Court and renew the same motion.

Moreover, since Stellar and Hasher's motion is dispositive of the federal claims, and the Court concludes that it should *sua sponte* dismiss all federal claims against DHCR as well, Carney's pendent state law claims are dismissed without prejudice for lack of subject matter jurisdiction. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Court need not reach Stellar and Hasher's remaining arguments.

### CONCLUSION

For the reasons set forth above, defendants Stellar and Hasher's motion to dismiss is granted, and the Court *sua sponte* dismisses all claims against DHCR. Furthermore, Carney's pendent state law claims are dismissed without prejudice. The Clerk of the Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED**.

---

**6.** Several courts have addressed the retroactive application of the Prison Litigation Reform Act's amendment to 28 U.S.C. § 1915. *See McCray v. Kralik,* 1996 WL 378273 at *2 (S.D.N.Y. July 1, 1996) (Report and Recommendation concluding that PLRA's amendment to 28 U.S.C. § 1915 to permit the court to dismiss meritless claims *sua sponte* should be applied to complaints filed prior to the Act's April 26, 1996 enactment); *see also Covino v. Reopel,* 89 F.3d 105, 106 (2d Cir.1996) (applying PLRA fee requirements to prisoners who filed notice of appeal prior to effective date); *but cf. Duamutef v. O'Keefe,* 98 F.3d 22, 24 (2d Cir.1996) (where parties expended significant amount of effort on case before *Covino* was decided, fee requirements do not apply retroactively). In any event, even under the pre-amended § 1915, the Second Circuit has approved *sua sponte* dismissal on statute of limitations grounds where, as here, considerable resources have not yet been expended by a plaintiff in prosecuting a case. *See Pino v. Ryan,* 49 F.3d 51, 53, 54 (2d Cir.1995) (under § 1915(d), dismissal is "especially appropriate where ... the injuries complained of occurred more than five years before the filing of the complaint—well outside the applicable three-year limitations period").