Richard W. DRAKE, Plaintiff–Appellant,

v.

DELTA AIR LINES, INC. Defendant–Appellee.

No. 05–4589–cv.

United States Court of Appeals, Second Circuit.

Feb. 6, 2007.

Samuel O. Maduegbuna (K.C. Okoli, on the brief), Maduegbuna, Cooper, LLP, New York, N.Y., for Appellant.

Ira G. Rosenstein, Orrick Herrington & Sutcliffe, LLP, New York, N.Y. (Thomas J. Munger, on the brief, Munger & Stone, LLP, Atlanta, Ga.), for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSE A. CABRANES, Circuit Judges, and Hon. EDWARD R. KORMAN, Chief District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Richard W. Drake appeals the order of the district court overturning a jury verdict, granting Delta Air Lines' motion for judgment as a matter of law, and dismissing his complaint.[1] Delta Air Lines ("Delta") conducts allegedly random drug tests on a percentage of its employees in four periods of each year.[2] Drake claims that while he was employed by Delta as a flight attendant, he was selected in a nonrandom fashion for three successive drug tests and that this was done because of his pro-union activism. We presume the parties' familiarity with

---

1. The district court also granted, in the alternative, Delta's motion for a new trial as to liability and damages. In view of our disposition of the case, we need not review this ruling.

2. Under Delta's program, employees may also be tested in a nonrandom fashion where there is "a reasonable and articulable belief that the employee is using a prohibited drug on the basis of specific, contemporaneous physical, behavioral, or performance indicators of probable drug use." There is no suggestion that Drake was selected on that basis.

the facts, the procedural history, and the scope of the issues presented on appeal.

Delta may mandate random drug tests of the sort involved in this case for safety-sensitive employees. But were petitioner to show that he was selected in a nonrandom fashion he might well have a claim based on a Fourth Amendment violation. *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171–172 (2d Cir.1998) (per curiam).[3]

Petitioner, however, does not adduce any evidence sufficient to demonstrate that he was particularly active in union organizing, let alone more so than other employees who have made no such complaints. Nor does petitioner provide evidence that could show his selection was not random. In this respect, Drake offers only speculation as to how Delta's random selection system could be manipulated. He provides no evidence demonstrating that it was. Finally, the statistical evidence that Drake proffers is in no way adequate to support a claim that he was not picked randomly.[4]

For the foregoing reasons, we affirm the district court's order granting Delta Air Line's motion for judgment as a matter of law and dismissing Drake's complaint. We have carefully considered Drake's arguments and find them to be without merit.

---

**3.** The district court noted, and counsel for Delta conceded before our Court, that the sample collections and drug tests were carried out under the authority of FAA mandatory drug testing regulations. *Drake*, 147 F.3d at 171 n. 3. As a result, Delta was a "state actor" for Fourth Amendment purposes when it required Drake to submit to drug tests. *Id.*

**4.** We need not consider whether statistical evidence alone could ever suffice to prove petitioner's nonrandom selection, *cf. Hudson v. International Bus. Machs. Corp.*, 620 F.2d 351, 355 (2d Cir.1980), *cert. denied*, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980), because the statistical evidence in this case does not.